The opinion of the court was delivered by
Duncan, J.
There can be no doubt that Smith’s judgment was the first lien on the land sold by the sheriff. It has priority of Muse’s 'unrecorded mortgage; that not having been registered within six months, but recorded subsequently to Smith’s judgment.
The registration would have no relation to the date of the mortgage, but only to the day of its registry. There was nothing offered to be proved, which could postpone the legal priority of the judgment creditor. The intention of the registering act, as to mortgages, would be entirely frustrated, if notice after subsequent debts contracted, or security given, were to postpone. If one, having notice of an unregistered, unsatisfied mortgage,» col ludes with the mortgagor, and gives him a credit for the purpose of defeating such mortgage, and obtains a security on the mortgaged premises, this would be a manifest fraud, and qught not to prevail. But such fact was not offered to be proved, but merely that Smith had notice of the unrecorded mortgage, after the debt was contracted, and after he had obtained his judgment bond, but before it was entered on record. His equity is equal,.if not supe *170 rior to the equity of the mortgagee. He has the law on his side, and his lien ought to prevail. Where a man is affected with notice of an unregistered instrument, which the law requires should be registered, it is on the ground of fraud. A man cannot be said to be guilty of fraud, who obtains security for a debt contracted before he had notice, and equity' will not take from a fair creditor any legal priority, or even a plank, which, in a struggle between him and another creditor, he has laid hold of as a security. Bufe from the date of its registry, Muse’s mortgage was a lien on the lands. If the land had sold for more than would satisfy Smith’s prior lien, Muse would have been entitled to the surplus: and unless the sale to Smith was a fair one, Muse, on his mortgage, could support an ejectment against Smith, and all claiming under him, with notice.
The plaintiff offered to prove that the sale was unfair, or, if not unfair, that Smith bought subject to the payment of the mortgage, and that Letterman had notice, and took an indemnity from Smith, who defended the present action, and further to prove that it was declared by the sheriff, to all the bidders at the time of sale, that it was to be sold subject to the mortgage. The first purchase money, to secure the balance of which the mortgage was taken, was eighteen hundred dollars: the balance due about five hundred dollars: the land was struck off to Smith, (the plaintiff,) in the execution, at one hundred and sixty dollars, who shortly after sold it for twelve hundred dollars to Letterman.
The first sentence of the plaintiff’s written offer of evidence, unconnected with the rest of the clause, was considered by the court as an ensnaring proposition and the court very properly decided, that thus offered, without explanation, it was inadmissible. They had a right to demand, before the evidence was received,— il How do you mean to prove this fact?” and from the pertinacious adherence to the general words of the offer, declining to state-any matter of fact by which it was to be proved, I assent to what was said by the president, that it might be an offer to prove whafe the law was, or what the sheriff understood, the law to be, and that particularly as the plaintiff’s counsel refused to state what the fact was; and, had the offer stopped there, the exception could not be sustained. But that -was not the case, for the plaintiff offered'to prove, by the sheriff, that it was expressly stated and declared by the sheriff, at the time of the sale, to all the bidders, that it was sellipg subject to this mortgage. The court said, they would receive evidence of any declaration, statement, or agreement of Smith to that purpose: but the statement and declaration of the sheriff, in the presence of all the bidders, and the sum for which the property was sold, proved that the sale must, in the understanding of all, have been subject in the hands of the purchaser, to this incumbrance; — the bids made with information from the sheriff, in the presence of the plaintiff, made with an Understand *171 ing of that fact, and that it was ^nocked down to him by the sheriff so understanding it. It was the plaintiff’s own sale. If he intended to bid with a mental reservation, .that he understood it differently, it would be a fraud op Muse, and a deception on those attending to bid. His silence, if not acquiescing, would be treacherous. It was equal to a declaration on his part that it was so sold by the sheriff, and that he so bought it. And the price for which it was ■ sold is evidence conclusive, that it was the understanding of all: for it would be a great bargain, even at sheriff’s sale, on which he nearly doubled his money.' And though the inadequacy at a public sale would not be a reason to set it aside, yet, united with the proof offered, it would be an ingredient; and where, to give the transaction its mildest name, — mistake,—the thing would be so unconscientious, that chancery would have set set it aside, and decreed a resale to satisfy the mortgage; and that may be reached by the equitable action of ejectment, which is in the nature of a bill in equity. By the medium of this action much can be accomplished. Indeed, I consider it now as settled, (and that from necessity and lest there should bo a failure of justice,) that every-equitable incumbrance on land, which cannot be enforced by a judgment at common law, may be enforced in this form of action, by the court, upon just and equitable conditions.
If the plaintiff jn the execution, either by his open conduct, his seeming acquiescence, or treacherous and deceptive silence, has gained an undue advantage, which chancery would not suffer him to hold, which it is against good conscience he should hold, the laws of Pennsylvania are not so defective in the administration of justice, — so inadequate to afford the injured party relief, or the power of the court so feeble, in this common law form, — but which .administers justice according to law and well settled principles of equity, where causes by positive law are to be justly and equitably tried, as to suffer so great and palpable injustice to pass unredressed. Ejectment is an adequate remedy, and it can be so moulded as to do perfect justice. If the plaintiff proved the facts he offered to prove, to the satisfaction of a jury, — notice to the bidders at the sale, that the sale was subject to this very just debt, the plaintiff was entitled to recover in this action the possession, and the plaintiff in the judgment might redeem and be restricted to the possession on payment of the incumbrance; or he may proceed to a new sale on his execution, where he would retain his priority, and thus justice be done all round. For the recovery, in this action, would proceed .on the principle that the sale, as to Muse,, was fraudulent and void, or that his lien continued and was to remain in the hands of the purchaser, by his agreement, subject to that lien which this ejectment was brought to enforce.
The argument is hot a solid one, that the sheriff, without the consent of Smith, had no authority to impose these terms. It is true, he had not: Smith might have repelled it, he might have *172 repudiated the condition, and countermanded the sale; but by his silence he consented to it, — by his bidding, he ratified it. The vice of this reasoning consists in this: — in supposing that the sheriff 'acted without the authority and against the consent of the plaintiff in the execution^ who became the purchaser. The evidence was to show the contrary of this, his assent to the condition of the sale, and his purchase on the terms publicly declared.
Whether the plaintiff could have made out his case was for the jury; but he offered to prove such a case as would demand relief. If he had proved the ease he offered, he had the strongest claim in equity, to be enforced by the court by the instrumentality .of a jury, whose province it was to ascertain the facts, and the duty of the court to prescribe the terms and mode of relief.
The inquiry has been confined to the first bill of exceptions, rejecting the matter offered to be proved by the plaintiff. It is the opinion of the court, it ought to have been received, and it is for this reason the judgment is reversed. .The case entirely rests on the fairness of the sale, and, on the principles stated by the court, if the plaintiff makes out his case as he offered to prove it.
Judgment reversed, and a venire facias de novo awarded.